United States District Court
Southern District of Texas
**ENTERED**
July 17, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JUAN ALBERTO PORTILLO AMAYA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-CV-05409** |
| | § | |
| **WARDEN, MONTGOMERY** | § | |
| **PROCESSING CENTER,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

Before the Court is Petitioner Juan Alberto Portillo Amaya's Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Motion to Transfer and Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 5). For the following reasons, the Court **GRANTS** the Petition for Habeas Corpus and **DENIES** Respondents' Motion to Transfer and Motion to Dismiss.

## I.    BACKGROUND

Petitioner Juan Alberto Portillo Amaya is a citizen of El Salvador who entered the United States without inspection in in 2016, approximately ten years ago. ECF No. 1 at ¶ 2. Petitioner has no criminal history and has never been arrested or charged with a criminal offense in the United States. *Id.* at ¶ 3.

On July 1, 2026, Mr. Portillo Amaya was on his way to work when the vehicle in which he was a passenger was stopped by Immigration and Customs Enforcement (ICE) officers. *Id.* at ¶ 4.

1 / 6

Mr. Portillo Amaya was ordered to exit the vehicle and placed under arrest. *Id*. at ¶ 6. He has been in custody since that date without an individualized bond determination. Respondents position is that Mr. Portillo Amaya is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).

Upon being detained, Mr. Portillo Amaya was charged with having entered the United States without inspection and placed in removal proceedings before an Immigration Judge (IJ). ECF No. 5, Ex. 2 (Notice to Appear). These removal proceedings are ongoing. *Id*.

Mr. Portillo Amaya filed his Petition for Habeas Corpus on July 8, 2026. *See* ECF No. 1. On July 9, 2026, this Court issued an Order for Answer, which was served on Respondents electronically via the U.S. Attorney's Office for the Southern District of Texas. *See* ECF No. 4. Among other things, the Court ordered that Respondents "shall not transfer Petitioner to any facility outside the boundaries of the Southern District of Texas while the Petition for Habeas Corpus is pending without first seeking and receiving leave from this Court." *Id*. at 3. The U.S. Attorney's Office sent this Order to ICE at 9:26 p.m. on July 10, 2026. ECF No. 5 at 5. Prior to receiving this Order, however, ICE transferred Mr. Portillo Amaya to the Adams County Correctional Center located in the Southern District of Mississippi, where he remains in custody. *Id*.

## II.    ANALYSIS

### A. Motion to Transfer

At the outset, Respondents argue that the Court should transfer this case to the Southern District of Mississippi, where Petitioner is currently detained. The Court disagrees.

Respondents are correct that for "core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*,

542 U.S. 426,443 (2004). However, *Rumsfeld* recognized an exception to this general rule in cases where "the Government moves a habeas petitioner *after* she properly files a petition naming her immediate custodian." *Id*. at 441 (emphasis added) (citing *Ex parte Endo*, 323 U.S. 283 (1944)); *see also Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) (holding that "[j]urisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change.").

Here, it is undisputed that Petitioner was in custody at the Montgomery Processing Center in the Southern District of Texas on July 8, 2026, when he filed his petitioner for habeas corpus. *See* ECF No. 5 at 4 (acknowledging that "Petitioner filed this case in the district of confinement in satisfaction of the jurisdictional requirement"). The Court therefore declines to transfer the case to the Southern District of Mississippi.

### B. Legality of Petitioner's Detention

The Court now turns to the substance of the habeas petition. Petitioner argues, among other claims, that his mandatory detention violates his Fifth Amendment right to due process of law. The Court agrees. It therefore declines to address Petitioner's additional claims for relief.

At the outset, the Court agrees with Respondents that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) under the Fifth Circuit's precedential decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). However, the Court concludes that § 1225(b)(2) violates the Fifth Amendment's Due Process Clause as applied to Petitioner.

The Court addressed a similar set of facts in *Rodriguez v. Frink*, 823 F. Supp. 3d 678, 684 (S.D. Tex. 2026) (Ellison, J.). In that case, this Court found that the petitioner's ongoing mandatory detention violated her substantive due process rights because the "detention [did] not 'bear a reasonable relation to the purpose for which she was committed.'" *Rodriguez*, 823 F. Supp. 3d at

3 / 6

690 (quoting *Demore v. Kim*, 538 U.S. 510, 527 (2003)). For the reasons articulated in that case, the Court reaches the same conclusion here. The Due Process Clause does not permit the government to "detain any noncitizen, no matter how long they have actually lived in the United States, for any length of time, without any individualized justification, [merely because] that person initially entered the country without lawful admission." *Id*. While the Petitioner in this case has not yet been detained for as lengthy a period as the petitioner in *Rodriguez*, "[t]he Court's concern in *Rodriguez* was not the amount of time that the petitioner had been detained *per se*, but rather the potentially indefinite nature of her detention and the possibility that her removal proceedings would take years." *De La Mont Diaz v. Tate*, No. 4:26-CV-02638, 2026 WL 980247, at *2 (S.D. Tex. Apr. 9, 2026) (Ellison, J.). The Court has the same concern in this case.

## III.    REMEDY

"[I]n habeas cases where the Court finds an ongoing detention unlawful, 'the typical remedy for such detention is, of course, release.'" *Guevara Carabantes v. Bondi, et al.*, No. 1:26-CV-446-RP, 2026 WL 689995, at *5 (W.D. Tex. Mar. 5, 2026) (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).

Given the severity of this ongoing unconstitutional deprivation of Petitioner's liberty, the Court concludes that immediate release from custody is required. The Court agrees with other Courts in the Fifth Circuit and elsewhere which have found immediate release appropriate in the face of similar ongoing deprivations of liberty. *See, e.g., Cruz-Reyes v. Bondi*, No. 5:26-CV-60, 2026 WL 332315, at *6 (S.D. Tex. Feb. 3, 2026) (requiring immediate release where "Petitioner ha[d] demonstrated a profound liberty interest in his freedom from civil detention and a concrete, ongoing deprivation of that liberty without any process provided by Respondents to justify his detention"); *Gonzalez v. Joyce*, No. 25 CIV. 8250 (AT), 2025 WL 2961626, at *5 (S.D.N.Y. Oct.

4 / 6

19, 2025) (ordering release because "[a bond] hearing is no substitute for the requirement that ICE engage in a deliberative process prior to, or contemporaneous with, the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause"); *Perdomo-Casana v. Lyons*, No. 1:26-CV-345-RP, 2026 WL 607267, at *6 (W.D. Tex. Mar. 4, 2026) (collecting cases).

The Court therefore **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within **FIVE DAYS**.

2. Respondents are **ORDERED** to confer with Petitioner's counsel regarding arrangements for Petitioner's release, including whether Petitioner should be released in Mississippi or whether he should first be transferred back to the Southern District of Texas, within **twenty-four hours.**

3. Respondents must notify Petitioner's counsel of the time and place of his release **no less than three hours** prior to his release from custody.

4. Respondents must return all personal property to Petitioner upon release, including all identity documents such as a social security card, Employment Authorization Document, driver's license, and/or passport.

5. If Respondents seek to re-detain Petitioner during the pendency of his removal proceedings, they must provide notice to Petitioner and a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before July 21, 2026**, informing the Court of the status of Petitioner's release and Respondents' compliance with the requirements outlined above.

5 / 6

**IT IS SO ORDERED.**

Signed at Houston, Texas on June 17, 2026.

Keith P. Ellison
United States District Judge